UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GILBERTO CRUZ,

                Plaintiff,

                -against-

YOEL BORGENICHT and SHOSHANA BASS,

                Defendants.
------------------------------------------------------------------ x

**MEMORANDUM & ORDER**
14-CV-00679 (DLI)(RER)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Gilberto Cruz ("Plaintiff") filed the instant action against Defendants Yoel Borgenicht and Shoshana Bass ("Defendants") to recover damages for injuries suffered when Plaintiff fell from a ladder on Defendants' property. (*See* Complaint ("Compl.") ¶¶ 3-40, Dkt. Entry No. 1.) Presently before the court is Defendants' motion to transfer the case to the United States District Court for the District of New Jersey ("District of New Jersey"). For the reasons set forth below, Defendants' motion is denied.

**BACKGROUND**

Plaintiff is a resident of Kings County, New York ("Brooklyn"). (Compl. ¶ 1.) Defendants are residents of Montclair, New Jersey. (Affidavit of Yoel Borgenicht ("Borg. Aff.") ¶¶ 3-4, Dkt. Entry No. 1; Affidavit of Shoshana Bass ("Bass Aff.") ¶¶ 3-4, Dkt. Entry No. 1.) Defendant Borgenicht is the owner of King Rose of NY, Inc. ("King Rose"), a New York City Construction Company where Plaintiff worked fulltime as a laborer for four years before the subject accident. (Affidavit of Gilberto Cruz ("Cruz Aff.") ¶ 4, Dkt. Entry No. 10-3.) King Rose's main office is located in Manhattan, and King Rose performs construction work in New York City exclusively. (*Id*. ¶¶ 4-5.)

While at a King Rose jobsite in Manhattan, Defendant Borgenicht requested, on multiple

occasions, that Plaintiff do landscaping work on Defendants' personal property. (*Id.* ¶ 5.) On July 27, 2013, Plaintiff traveled to the Defendants' home in Montclair, New Jersey to cut down a tree limb. (*Id.* ¶ 6.) As Plaintiff was cutting the limb with a chainsaw, he fell more than fifteen feet and landed on the ladder. (*Id.* ¶ 8.) Plaintiff was taken to the University Hospital in Newark ("the hospital"), where he was diagnosed with multiple injuries. (*See* Plaintiff's Verified Bill of Particulars ("Pl. Part.") ¶ 9, Dkt. Entry No. 7-8; Cruz Aff. ¶ 9.) Within a day of the injury Plaintiff had surgery on his right knee and both hips, and his right arm was placed in a cast. (Cruz Aff. ¶ 9.) Plaintiff was paid for cutting the tree limb along with his regular compensation from King Rose. (*Id.* ¶ 5.)

On August 5, 2013, Plaintiff was released from the hospital. (*Id.* ¶ 9) He has returned to the hospital twice for follow-up visits since the accident. (*Id.*) Plaintiff returned to New Jersey on one other occasion, when his attorney drove him to the scene of the accident in connection with this case. (*Id.* ¶ 10.) Since August 19, 2013, Plaintiff has received all of his medical care in Brooklyn under two Brooklyn based physicians, Drs. Sclafani and Cardona. (*Id.* ¶ 14.) While Dr. Sclafani maintains his principal medical practice in Brooklyn, he resides in and maintains a practice in New Jersey. (Plaintiff's Affirmation in Opposition to Motion to Transfer ("Engle Aff.") ¶ 10, Dkt. Entry No. 10-1; Defendants' Reply Affirmation ("Nicolini Aff.") ¶ 7, Dkt. Entry No. 11.) In September 2013, Plaintiff began seeing a physical therapist in Brooklyn. (Cruz Aff. ¶ 17.) Unable to work, Plaintiff has accumulated more than $20,000 in debt for daily living expenses and medical expenses incurred as a result of the accident. (*Id.* ¶¶ 11, 17.) Plaintiff has needed "special equipment" to walk since the accident. (*Id.* ¶ 18.)

On November 5, 2013, Plaintiff filed suit in the Supreme Court of the State of New York, County of Kings. On January 31, 2014, Defendants removed the case to the Eastern District of

2

New York ("Eastern District"). On April 3, 2014, Defendants filed the instant motion to transfer venue to the District of New Jersey.

## DISCUSSION

**A.  Governing Law**

At the discretion of the court, a civil action may be transferred to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). In determining whether a transfer of venue promotes convenience and the interests of justice, courts generally consider the plaintiff's choice of forum, the convenience of witnesses and parties, the locus of operative facts, the relative means of the parties, the availability of process to compel the attendance of unwilling witnesses, and the location of relevant documents. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F. 3d 95, 106-07 (2d Cir. 2006) (quoting *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). Other factors that are considered include the district court's familiarity with governing law, trial efficiency and calendar congestion, practical difficulties, and how best to serve the interest of justice. *See, e.g.*, *Masluf Realty Corp. v. Markel Ins. Corp.*, 2014 WL 1278102, at *4 (E.D.N.Y. Mar. 27, 2014) (citing *Wyler-Wittenberg v. Metlife Home Loans Inc.*, 889 F. Supp. 2d 235, 248-49 (E.D.N.Y. 2012)); *Kroll v. Liberman*, 244 F. Supp. 2d, 100, 102 (E.D.N.Y. 2003); *HD Brous & Co., Inc. v. Synthesys Secure Technologies, Inc.*, 229 F. Supp. 2d 191, 198 (E.D.N.Y. 2002).

The court has broad discretion in balancing these factors. *See In re Cuyahoga Equipment Corp.*, 980 F. 2d 110, 117 (2d Cir. 1992) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The burden in a motion to transfer is on the moving party to "make a strong case for a transfer." *Filmline (Cross-Country) Prod., Inc. v. United Artists Corp.*, 865 F. 2d 513,

521 (2d Cir. 1989) (quoting *Ford Motor Co. v. Ryan*, 182 F. 2d 329, 330 (2d Cir. 1950)); *see also Kroll*, 244 F. Supp. 2d at 102; *Schwartz v. Marriot Hotel Serv., Inc.*, 186 F. Supp. 2d 245, 248 (E.D.N.Y. 2002); *Laumann Mfg. Corp. v. Casting USA*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996).

B. **Application**

1. **Plaintiff's Choice of Forum**

There is no dispute that venue would have been proper in the District of New Jersey. The accident at issue occurred in New Jersey, and both Defendants are residents of New Jersey. However, Plaintiff chose to bring this case in the Eastern District, and his choice "is presumptively entitled to substantial deference." *Gross v. BBC*, 386 F. 3d 224, 230 (2d Cir. 2004). A plaintiff's choice "should only be disturbed if the factors favoring the alternative forum are compelling." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F. 3d 88, 101 (2d Cir. 2000); *see also Kroll*, 244 F. Supp. 2d at 102-03 ("[T]ransfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum"); *Masluf*, 2014 WL 1278102, at *5 (same). Plaintiff's choice of forum should not be disturbed if a transfer would only shift the inconvenience from one party to the other. *Kroll*, 244 F. Supp. 2d at 102-03; *see also Masluf*, 2014 WL 1278102, at *5. When, as here, a person sues in their home forum, that choice is generally entitled to greater deference. *See Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 532 (1947); *Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F. 3d 64, 71 (2d Cir. 2003); *Guidi v. Inter-Continental Hotels Corp.*, 224 F. 3d 142, 146 (2d Cir. 2000). Plaintiff is a resident of Brooklyn, and transferring this case to New Jersey would merely shift the inconvenience from the Defendants to the Plaintiff.

However, a plaintiff's choice of forum is given less weight where there is no material connection between the chosen forum and the events, facts, and transactions giving rise to the cause of action. *See Donde v. Romano*, 2010 WL 3173321, at *2 (E.D.N.Y. Aug. 10, 2010); *Romano v. Banc of Am. Ins. Servs.*, 528 F. Supp. 2d 127, 130 (E.D.N.Y. 2007); *Wagner v. N.Y. Marriot Marquis*, 502 F. Supp. 2d 312, 317 (N.D.N.Y 2007)*; Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986); *Helfant v. Louisiana & Southern Life Insurance Co.*, 83 F.R.D. 53, 56-7 (E.D.N.Y. 1979). Here, the event giving rise to the cause of action, specifically Plaintiff's fall from the ladder, occurred in the District of New Jersey. The fact that Plaintiff received medical treatment in the Eastern District is of limited relevance. *See, e.g.*, *Donde*, 2010 WL 3173321, at *2 (citing *Guccione v. Harrah's Mktg. Serv. Corp.*, 2009 WL 2337995, at *7-8 (S.D.N.Y. July 29, 2009)) ("All of the conduct giving rise to the claim took place in New Jersey; that some post accident events relevant to the case, such as plaintiff's medical treatment, took place in New York does not change this."). Similarly, although Defendant Borgenicht requested Plaintiff's services in New York and paid him through a company located in New York, these events took place in the Southern District of New York ("Southern District").

In sum, while Plaintiff resides in this district and chose to bring suit in this district, the events giving rise to this cause of action occurred in the District of New Jersey and, arguably, the Southern District. Accordingly, the court finds that this factor does not strongly militate in favor of either venue.

2.     **Convenience of the Witnesses and Parties**

Convenience of the witnesses is one of the most important considerations when deciding a motion to transfer venue. *See Schwartz*, 186 F. Supp. 2d at 249 (citation omitted); *Nieves v.*

5

*American Airlines*, 700 F. Supp. 769, 772 (S.D.N.Y. 1988) (citation omitted). "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 546 (S.D.N.Y. 2008) (quoting *Indian Harbor Ins., Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005)). Plaintiff has identified two non-party witnesses, Dr. Sclafani and arborist Scott Romandetta, who may be called to testify at trial. Although both witnesses reside in New Jersey, they each provided affidavits stating that traveling to Brooklyn would not be an inconvenience. (*See* Affidavit of Steven Sclafani ("Sclafani Aff.") ¶ 9, Dkt. Entry No. 10-4; Affidavit of Scott Romandetta ("Rom. Aff.") ¶¶ 1, 5-8, Dkt. Entry No. 10-5.) Dr. Cardona was not identified as a potential witness, but it is unlikely that traveling to this District would inconvenience her, since she practices in Brooklyn. (Cruz Aff. ¶ 14.)

Both Defendants live in New Jersey and work in the Southern District. Defendant Borgenicht is the President of King Rose and Defendant Bass is the Principal of King Rose, which has offices both in the Bronx and Manhattan. King Rose Construction of New York, http://www.kingroseny.com/team.php (last visited July 16, 2014); *see also Strange Music, Inc. v. Strange Music, Inc.*, 326 F. Supp. 2d 481, 491-92 (S.D.N.Y. 2004) (using an internet search to assess a factor in a trademark case). The distance from King Rose's Manhattan office to the Eastern District courthouse in Brooklyn is about five miles, and neither Defendant contends that they are unable to travel to this district. Plaintiff lives in Brooklyn and chose to bring this case originally in Kings County. Although Plaintiff traveled to New Jersey to perform landscaping for the Defendants and to show his attorneys the site of the accident, Plaintiff represents that traveling to New Jersey is inconvenient due to his injuries and lack of financial resources. (Cruz Aff. ¶ 19.) Specifically, Plaintiff uses crutches to walk, feels pain when traveling, takes pain

6

medication, does not drive, and cannot afford to use a car service. (Cruz Aff. ¶¶ 16-19)

In sum, Defendants have not met their burden of showing that the witnesses would be inconvenienced by trying the case in the Eastern District. On the contrary, the non-party witnesses admit they would not be inconvenienced by coming to Brooklyn. The Defendants travel to New York City daily to run their companies and complete work orders. By contrast, it would be a physical and financial hardship for Plaintiff to travel to New Jersey. Accordingly, this factor weighs heavily in favor of denying Defendants' motion to transfer.

### 3. Locus of Operative Facts

Another factor to consider is the location of the operative or material facts. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 135 (S.D.N.Y. 1994). "To ascertain the locus of operative facts, courts look to the 'site of the events from which the claim arises.'" *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 460 (E.D.N.Y. 2013) (quoting *800-Flowers, Inc.*, 860 F. Supp. at 134). In the instant case, the alleged accident occurred in New Jersey. The initial medical treatment also occurred in New Jersey, while nearly all of the subsequent treatment occurred in the Eastern District. The fact that Plaintiff received most of his medical treatment in this district does not alter the fact that the location of the material facts of the accident occurred in New Jersey. *See Donde*, 2010 WL 3173321 at *2. Accordingly, the Court finds that this factor weighs in favor of transfer.

### 4. The Relative Means of the Parties

"When a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354-55 (E.D.N.Y. 2012) (quoting *800-Flowers, Inc*, 860 F. Supp. at 135). While

7

all of the parties are individuals, there appears to be a significant disparity in their access to resources. Plaintiff alleges that he is in debt, unemployed, and in poor health since the accident. By contrast, Defendant Borgenicht is a business owner who travels to New York City on a regular basis for work, which he does throughout the five boroughs of New York City. Considering both parties' relative means, this factor weighs in favor of denying Defendants' motion.

### 5. Availability of Process to Compel Witnesses

The availability of process to compel witnesses is not an issue in this case because a subpoena may be served "outside [the] district within 100 miles of the place specified for the . . . trial." Fed. R. Civ. P. 45(b)(2). Considering the close proximity of the District Court of New Jersey and this district, as well as the location of the witnesses identified by the parties, this factor is neutral.

### 6. Location of Relevant Documents

No relevant documents have been brought to the attention of the court. Even if there had been, courts do "not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production." *Easy Web Innovations, LLC*, 888 F. Supp. 2d at 352; *see also Zaltz*, 952 F. Supp. 2d at 462; *Williams v. Swack*, 2013 WL 5423791, at *7 (E.D.N.Y. Sept. 26, 2013) ("Given modern technological capacity for transmitting documents, this factor has become less important."); *Am. S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.").

### 7. Familiarity with Governing Law

The parties do not dispute that New Jersey law applies. "However, 'where an action does not involve complex questions of another state's laws, courts in this district accord little weight to this factor on a motion to transfer.'" *Schwartz*, 186 F. Supp. 2d at 251 (quoting *Merkur v. Wyndham Int'l, Inc.*, 2001 WL 477268, at *5 (E.D.N.Y. Mar. 30, 2001)). This is a straightforward negligence case, and "the fact that a New York court would apply New Jersey law is of little consequence in the determination of this motion." *Schwartz*, 186 F. Supp. 2d at 251 (internal quotations omitted). Thus, this factor weighs only slightly in favor of transfer.

### 8. Trial Efficiency

"Although certainly not decisive, docket conditions or calendar congestion of both the transferee and transferor districts is a proper factor and is accorded some weight." *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 444 (E.D.N.Y. 2012) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 334 (E.D.N.Y. 2006)). The average time from filing to trial in the District of New Jersey is 20% longer than in the Eastern District of New York – 37.6 months and 31.6 months, respectively. (Defendants' Memorandum of Law ("Def. Mem.") at 7, Dkt. Entry No. 7-2 (citing *United States District Courts – National Judicial Caseload Profile*, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-december-2013.pdf (last updated December 31, 2013))). Considering the relatively small difference in average time from filing to trial, this factor weighs slightly in favor of trying this case in the Eastern District.

### 9. Practical Difficulties

Plaintiff contends that his injuries make it very difficult for him to travel from his home to New Jersey. The Defendants have not stated that they would have practical difficulties

traveling to New York. Moreover, the parties have not identified other obstacles to trying the case in the Eastern District. Accordingly, the Court finds this factor weighs in favor of denying Defendants' motion.

### 10. Balancing of the Factors in the Interest of Justice

Considering the totality of the circumstances, Defendants have not met their burden of making a strong case for transfer. *See Filmline (Cross-Country) Prod., Inc.,* 865 F. 2d at 521. The convenience of the witnesses, deference to Plaintiff's forum choice, the relative means of the parties, trial efficiency, and the practical difficulties all weigh in favor of trying the case in the Eastern District. Although the locus of operative facts is New Jersey, and the District of New Jersey may be more familiar with the governing law, the balance of conveniences does not weigh strongly in favor of the transfer. *Kroll*, 244 F. Supp. 2d at 102-03. Accordingly, the court finds that transfer is not warranted. Indeed, given the hardship that would inure to Plaintiff in litigating this matter in New Jersey, the interests of justice are best served by litigating this case in this district.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue is denied.

SO ORDERED.

Dated: Brooklyn, New York
      July 24, 2014

                                              /s/
                                          DORA L. IRIZARRY
                                        United States District Judge